IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Steve E. Miller, *a/k/a* Steven E. Miller, ) | Case No. 8:15-cv-02531-PMD-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Holly Scaturo, Galen Sanders, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on a motion for summary judgment filed by Defendants. [Doc. 17.] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and to submit findings and recommendations to the District Court.

This action was filed on May 1, 2015, in the Richland County Court of Common Pleas. [Doc. 1-1.] Defendants removed the case to this Court on June 24, 2015 [Doc. 1] and filed a motion for summary judgment on August 10, 2015 [Doc. 17]. On August 11, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised to respond to the motion and of the possible consequences if he failed to adequately respond. [Doc. 19.] Plaintiff filed a response in opposition to the motion on August 21, 2015 [Doc. 22], and Defendants filed a reply on August 31, 2015 [Doc. 24]. Plaintiff filed a sur-reply on September 11, 2015. [Doc. 28.] Accordingly, the motion is ripe for review.

## BACKGROUND[1]

Plaintiff appears to be civilly committed pursuant to the South Carolina Sexually Violent Predator Act ("SVPA"), S.C. Code Ann. §§ 44-48-10 through 44-48-170, and housed at the Broad River Correctional Institution. [Doc. 1-1.] He asserts claims related to his living conditions. [*Id.*] Specifically, he alleges that he was forced to double cell and share a room in violation of the policy, procedures, rules, and regulations of the Sexually Violent Predator Treatment Program ("SVPTP"). [*Id.* at 4–5.] He also contends that he has been subject to lockdowns that constitute cruel and unusual punishment and that the room size, particularly when double celled, constitutes cruel and unusual punishment. [*Id.* at 6–8.] Plaintiff alleges that he has a prostate condition that should allow him to decline having a roommate. [*Id.* at 9.] Finally, Plaintiff asserts that a court order prevents the double celling. [*Id.* at 10.] Plaintiff seeks declaratory and injunctive relief to stop all double celling in the future and to declare that all who are double celled while civilly committed under the SVPA should be returned to single cells. [*Id.* at 11.]

## APPLICABLE LAW

### Liberal Construction of Pro Se Complaint

Plaintiff brought this action pro se, which requires the Court to liberally construe her pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. The mandated liberal

---

[1]The facts included in this Background section are taken directly from Plaintiff's Complaint.

construction means only that if the Court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for her. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Requirements for a Cause of Action Under § 1983**

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Section 1983 provides, in relevant part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v.*

3

*Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley,* 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted). Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.,* 419 U.S. 345, 351 (1974)). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State . . . or by a person for whom the State is responsible" and that "the party charged with the deprivation [is] a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff

4

complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (1999) (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

**Summary Judgment Standard**

Rule 56(c) of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact and (2) he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must

demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

Involuntarily committed mental patients retain a liberty interest in conditions of reasonable care and safety and in reasonably nonrestrictive confinement conditions. *Youngberg v. Romeo*, 457 U.S. 307, 324 (1982). Due process requires that the conditions and duration of confinement bear some reasonable relation to the purpose for which persons are committed. *See Seling v. Young*, 531 U.S. 250, 265 (2001); *Youngberg*, 457

6

U.S. at 324. When deciding whether a civilly-institutionalized individual's constitutional rights have been violated, the courts must balance the individual's liberty interest against the relevant state interests, but deference must be given to the decisions of professionals. *Youngberg*, 457 U.S. at 321. "[T]he decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id.* at 323. Deference to professionals ensures that federal courts do not unnecessarily interfere with the internal operations of state institutions. *Id.* at 322.

"A civilly committed individual under the SVPA most closely resembles the custody status of a pre-trial detainee." *Treece v. McGill*, Civil Action No. 3:08-3909-DCN-JRM, 2010 WL 3781695, at *4 (D.S.C. Sep. 21, 2010). A pretrial detainee's claims are evaluated under the Fourteenth Amendment rather than the Eighth Amendment, which is used to evaluate conditions of confinement for those convicted of crimes. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983). In any event, "[t]he due process rights of a pretrial detainee are at least as great as the [E]ighth [A]mendment protections available to the convicted prisoner." *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). Under the Eighth Amendment, protection against cruel and unusual punishment includes protection against inhumane conditions of imprisonment. *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). To determine whether a prison official has violated a prisoner's Eighth Amendment rights, a court must analyze "whether the prison official acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Id.*; *see also*

7

*Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (discussing Supreme Court decisions in Eighth Amendment cases and noting Eighth Amendment claims consist of objective and subjective components). "What must be established with regard to each component 'varies according to the nature of the alleged constitutional violation.'" *Williams*, 77 F.3d at 761 (quoting *Hudson v. McMillian*, 503 U.S. 1, 5 (1992)). However, not every hardship suffered during pretrial detention amounts to "punishment" in the constitutional sense. *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992) (citing *Bell v. Wolfish*, 441 U.S. 520, 537 (1979)). "'[I]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock.'" *Moore v. Winebrenner*, 927 F.2d 1312, 1316 (4th Cir. 1991) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). To state a claim that conditions of confinement violate constitutional requirements, "a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991)).

Although Plaintiff characterizes his Complaint as raising five issues, the Court construes the Complaint as challenging double bunking[2] and lockdowns. With respect to

---

[2] The Court construes the Complaint as raising four separate challenges to double bunking: (a) double bunking violates the SVPTP policy, procedures, rules, and regulations; (b) double bunking constitutes cruel and unusual punishment because it effectively confines residents to their beds in that, when double bunked, each resident has inadequate square footage of floor space in the cell; (c) Plaintiff should be allowed to decline to have a roommate because of his prostate condition, and double bunking has worsened his medical conditions; and (d) a court order prevents double bunking.

8

double bunking, Plaintiff has failed to establish that his constitutional rights were violated or that double bunking violates SVPTP policy or a court order. Defendant Holly Scaturo ("Scaturo"), Program Director of the SVPTP, has averred that Plaintiff was double bunked pursuant to the Double Bunking policy of the SVPTP from November 5, 2014 through May 29, 2015. [Doc. 17-3 ¶ 5.] An internal memorandum of the SVPTP dated September 11, 2014, states that the program had no single rooms available; therefore, double bunking of two residents to one room would have to be implemented. [Doc. 17-5 at 3.] The memorandum referred residents and staff to the Double Bunking policy. [*Id.*] The Double Bunking policy states that "the ideal situation is for all residents to have single person occupancy rooms"; however, because the SVPTP has no control over the number of residents referred for treatment, when double bunking is necessary, the SVPTP considers "multiple issues related to resident status when making decisions about whom to double bunk." [*Id.* at 1.] Decisions about double bunking are made by staff "with the best medical, treatment, and safety interests of the residents in mind." [*Id.*] Residents may appeal double bunking concerns through the standard grievance process. [*Id.* at 2.] Defendant Galen Sanders ("Sanders"), nurse administrator for the SVPTP, has averred that Plaintiff submitted a request to staff regarding his placement with a roommate and specifically complained of the roommate's snoring; however, Plaintiff also stated that this resident was the only person in the SVPTP that Plaintiff felt comfortable enough to have as his roommate. [Doc. 17-4 ¶ 9.] Moreover, nothing in Plaintiff's medical records suggests he suffered any physical or mental injury as a result of being double bunked for six months or that any preexisting condition was worsened. [*Id.* ¶ 8.] Plaintiff has failed to establish that his being double bunked violated any SVPTP policy, a court order, or his constitutional

9

rights. *See Treece v. S.C. Dep't of Mental Health*, Civil Action No. 3:08-3909-DCN-JRM, 2010 WL 3781726, at *9 (D.S.C. Feb. 19, 2010) (finding that the plaintiff, a resident in the SVPTP, failed to show his constitutional rights were violated because of double bunking), *Report and Recommendation adopted by Treece v. McGill*, 2010 WL 3781695 (D.S.C. Sep. 21, 2010).

Similarly, Plaintiff has failed to establish that his constitutional rights were violated when he was subjected to lockdowns. Scaturo has averred that the frequency of lockdowns increased beginning in March 2015 because of construction and painting in the Edisto Unit at Broad River Correctional Institution, which necessitated locking down the unit for the safety of the residents and workers. [Doc. 17-3 ¶ 7.] Moreover, units are sometimes locked down because staff are required to escort residents to outside medical or court appointments. [*Id.*] Plaintiff has failed to establish that being subjected to lockdowns violated his constitutional rights. *See Miller v. Powers*, Civil Action No. 6:08-4177-HFF, 2009 WL 255983 (D.S.C. Feb. 2, 2009) (holding that a pretrial detainee's Fourteenth Amendment rights were not violated by the conditions of confinement during an eleven-day lockdown, absent a showing of expressed intent to punish on the part of the correctional officials). Accordingly, Defendants' motion for summary judgment should be granted.[3]

---

[3]Because Defendants are entitled to summary judgment with respect to the merits of Plaintiff's claims, the undersigned declines to address Defendants' remaining arguments regarding Eleventh Amendment immunity, qualified immunity, failure to allege specific action by Defendants, respondeat superior, and injunctive relief.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends Defendants' motion for summary judgment be GRANTED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

January 28, 2016
Greenville, South Carolina